IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| MATTHEW CROWE, JONATHAN THOMAS, JESSE KIRK, AND GONZALO WERNER PINTOS, <br><br> *Plaintiffs,* <br> v. <br><br> AMD WELDING SERVICES, LLC, DEREK ABBOTT, AND AMBER ABBOTT, <br><br> *Defendants.* | CIVIL ACTION FILE NO. 2:22-CV-00057-SCJ |

### ANSWER OF DEFENDANTS AMD WELDING SERVICES, LLC, DEREK ABBOTT, AND AMBER ABBOTT TO PLAINTIFFS' COMPLAINT

Defendants AMD Welding Services, LLC, Derek Abbott, and Amber Abbott answer Plaintiffs' Complaint as follows:

### First Defense

Plaintiffs' claims are barred to the extent that Plaintiffs seek damages beyond the applicable limitations period.

### Second Defense

Plaintiffs' claims are barred to the extent that Plaintiffs cannot establish that any acts or omissions of Defendants were willful under the FLSA.

### Third Defense

Any action taken by Defendants in connection with Plaintiffs' employment by or engagement as independent contractors of AMD was taken in good faith.

### Fourth Defense

Plaintiffs' claims against Amber Abbott fail because she is not, and was not at any relevant time, an "employer" of Plaintiffs.

### Fifth Defense

Plaintiffs' claims against Derek Abbott fail because he is not, and was not at any relevant time, an "employer" of Plaintiffs.

### Sixth Defense

By way of further defense, Defendants respond to the individually numbered paragraphs of Plaintiffs' Complaint as follows:

### Introduction

1.     Defendants admit the allegation in Paragraph 1 of the Complaint that this "is a wage and hour case."

2.     Defendants admit that AMD operates a welding business in Winder, Georgia. Defendants deny the remaining allegations of Paragraph 2 of the Complaint.

## (a) Jurisdiction and Venue

3.      Defendants admit the allegations of Paragraph 3 of the Complaint.

4.      Defendants admit the allegations of Paragraph 4 of the Complaint.

## (b) The Parties

### i. Matthew Crowe

5.      Defendants admit that Crowe is a natural person, but lack knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 5 of the Complaint that Crowe resides in Barrow County, Georgia.

6.      Defendants deny that AMD "employed" Crowe as a welder throughout the date range alleged in Paragraph 6 of the Complaint.

7.      Defendants deny that Crowe was an "employee" of AMD throughout the date range alleged in Paragraph 7 of the Complaint.

### ii. Jonathan Thomas

8.      Defendants admit that Thomas is a natural person, but lack knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 8 of the Complaint that Thomas resides in Rockdale County, Georgia.

9.     Defendants admit the allegations of Paragraph 9 of the Complaint.

10.     Defendants admit the allegations of Paragraph 10 of the Complaint.

11.     Defendants admit the allegations of Paragraph 11 of the Complaint.

### iii. Jesse Kirk

12.     Defendants admit that Kirk is a natural person, but lack knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 12 of the Complaint that Kirk resides in DeKalb County, Georgia.

13.     Defendants deny that AMD "employed" Kirk as a welder throughout the date range alleged in Paragraph 13 of the Complaint. By way of further response, AMD and D. Abbott state that Kirk was not continuously engaged as an independent contractor of or employed by AMD throughout the time period stated in Paragraph 13.

14.     Defendants deny that Kirk was an "employee" of AMD throughout the date range alleged in Paragraph 14 of the Complaint.

### iv. Gonzalo Werner Pintos

15.     Defendants admit that Pintos is a natural person, but lack knowledge or information sufficient to form a belief as to the truth of the

allegation in Paragraph 15 of the Complaint that Pintos resides in Barrow County, Georgia.

16.     Defendants admit the allegations of Paragraph 16 of the Complaint.

17.     Defendants admit the allegations of Paragraph 17 of the Complaint.

### v. AMD
### [incorrectly enumerated as "vii" in Complaint]

18.     Defendants admit the allegations of Paragraph 18 of the Complaint.

19.     Defendants admit the allegations of Paragraph 19 of the Complaint.

20.     Defendants admit the allegations of Paragraph 20 of the Complaint.

### vi. Derek Abbott
### [incorrectly enumerated as "viii" in Complaint]

21.     Defendants admit the allegations of Paragraph 21 of the Complaint.

22.     Defendants admit the allegations of Paragraph 22 of the Complaint.

23.     Defendants admit the allegations of Paragraph 23 of the Complaint.

### vii. A. Abbott
### [incorrectly enumerated as "ix" in Complaint]

24.     Defendants admit the allegations of Paragraph 24 of the Complaint.

25.     Defendants admit the allegations of Paragraph 25 of the Complaint.

26.     Defendants admit the allegations of Paragraph 26 of the Complaint.

## II. Factual Allegations

### (a) Enterprise Coverage

27.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 27 of the Complaint.

28.     Defendants admit the allegations of Paragraph 28 of the Complaint.

29.     Defendants admit the allegations of Paragraph 29 of the Complaint.

30.     Defendants admit the allegations of Paragraph 30 of the Complaint.

31.     Defendants admit the allegations of Paragraph 31 of the Complaint.

32.     Defendants admit the allegations of Paragraph 32 of the Complaint.

33.     Defendants admit the allegations of Paragraph 33 of the Complaint.

34.     Defendants admit the allegations of Paragraph 34 of the Complaint.

35.     Defendants admit the allegations of Paragraph 35 of the Complaint.

36.     Defendants admit the allegations of Paragraph 36 of the Complaint.

37.     Defendants admit the allegations of Paragraph 37 of the Complaint.

38.     Defendants admit the allegations of Paragraph 38 of the Complaint.

### (b) Individual Liability
### i. Derek Abbott

39.     Defendants admit the allegations of Paragraph 39 of the Complaint.

40.     Defendants deny the allegations of Paragraph 40 of the Complaint.

41.     In response to Paragraph 41 of the Complaint, Defendants admit only that D. Abbott partially managed AMD's day-to-day operations and deny the remaining allegations of Paragraph 41.

42.     Defendants admit the allegations of Paragraph 42 of the Complaint.

43.     In response to Paragraph 43 of the Complaint, AMD and D. Abbott admit only that D. Abbott occasionally exercised supervisory authority over Plaintiffs and deny the remaining allegations of Paragraph 43. A. Abbott lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43.

44.     AMD and D. Abbott deny the allegations of Paragraph 44 of the Complaint. A. Abbott lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44.

45.     AMD and D. Abbott deny the allegations of Paragraph 45 of the Complaint. A. Abbott lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 45.

46.     Defendants admit the allegations of Paragraph 46 of the Complaint.

47.     Defendants admit the allegations of Paragraph 47 of the Complaint.

48.     Defendants admit the allegations of Paragraph 48 of the Complaint.

49.     AMD and D. Abbott deny the allegations of Paragraph 49 of the Complaint. A. Abbott lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 49.

50.     AMD and D. Abbott deny the allegations of Paragraph 50 of the Complaint. A. Abbott lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 50.

### ii. Amber Abbott

51.     In response to Paragraph 51 of the Complaint, Defendants admit only that A. Abbott is and has been an owner of AMD during all relevant times and deny the remaining allegations of Paragraph 51.

52.     Defendants deny the allegations of Paragraph 52 of the Complaint.

53.     Defendants deny the allegations of Paragraph 53 of the Complaint.

54.     Defendants deny the allegations of Paragraph 54 of the Complaint.

55.     Defendants deny the allegations of Paragraph 55 of the Complaint.

56.     Defendants deny the allegations of Paragraph 56 of the Complaint.

57.     Defendants deny the allegations of Paragraph 57 of the Complaint.

58.     Defendants deny the allegations of Paragraph 58 of the Complaint.

59.     Defendants deny the allegations of Paragraph 59 of the Complaint.

60.     Defendants deny the allegations of Paragraph 60 of the Complaint.

61.     Defendants deny the allegations of Paragraph 61 of the Complaint.

62.     Defendants deny the allegations of Paragraph 62 of the Complaint.

### c. FLSA §213 Exemptions

63.     AMD and D. Abbott admit that, during Plaintiffs' employment, Plaintiffs were not statutorily exempt employees, but deny the remaining allegations of Paragraph 63 of the Complaint. A. Abbott lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 63.

64.    Defendants admit the allegations of Paragraph 64 of the Complaint.

65.    Defendants admit the allegations of Paragraph 65 of the Complaint.

66.    AMD and D. Abbott admit that, during Plaintiffs' employment, Plaintiffs were not statutorily exempt employees, but deny the remaining allegations of Paragraph 66 of the Complaint. A. Abbott lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 66.

67.    AMD and D. Abbott admit that, during Plaintiffs' employment, Plaintiffs were not statutorily exempt employees, but deny the remaining allegations of Paragraph 67 of the Complaint. A. Abbott lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 67.

68.    AMD and D. Abbott admit that, during Plaintiffs' employment, Plaintiffs were not statutorily exempt employees, but deny the remaining allegations of Paragraph 68 of the Complaint. A. Abbott lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 68.

69.    AMD and D. Abbott admit that, during Plaintiffs' employment, Plaintiffs were not statutorily exempt employees, but deny the remaining

allegations of Paragraph 69 of the Complaint. A. Abbott lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 69.

70.    AMD and D. Abbott admit that, during Plaintiffs' employment, Plaintiffs were not statutorily exempt employees, but deny the remaining allegations of Paragraph 70 of the Complaint. A. Abbott lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 70.

### d. Misclassification as Independent Contractors

71.    In response to Paragraph 71 of the Complaint, AMD and D. Abbott admit only that, upon their initial engagement, AMD classified Crowe and Kirk as independent contractors and deny the remaining allegations of Paragraph 71. A. Abbott denies the allegations of Paragraph 71.

72.    In response to Paragraph 72 of the Complaint, AMD and D. Abbott admit that AMD did not rely on advice of legal counsel when it classified Crowe and Kirk as independent contractors and deny the remaining allegations of Paragraph 72. A. Abbott lacks knowledge or information sufficient to form a basis as to the truth of the allegations of Paragraph 72.

73.    In response to Paragraph 73 of the Complaint, AMD and D. Abbott admit that AMD did not rely on any particular ruling, regulation, or

advisory opinion when it classified Crowe and Kirk as independent contractors and deny the remaining allegations of Paragraph 73. A. Abbott lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 73.

74.    In response to Paragraph 74 of the Complaint, AMD and D. Abbott admit only that AMD created and issued the subject 1099-MISC forms to Crowe and Kirk and deny the remaining allegations of Paragraph 74. A. Abbott denies the allegations of Paragraph 74.

75.    AMD and D. Abbott deny the allegations of Paragraph 75 of the Complaint. A. Abbott lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 75.

76.    AMD and D. Abbott deny the allegations of Paragraph 76 of the Complaint. A. Abbott lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 76.

77.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 77.

78.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 78.

79.    Defendants deny the allegations of Paragraph 79 of the Complaint.

80.     AMD and D. Abbott admit that, during Plaintiffs' employment, Plaintiffs were not statutorily exempt employees, but deny the remaining allegations of Paragraph 80 of the Complaint. A. Abbott lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 80.

81.     In response to Paragraph 81 of the Complaint, AMD and D. Abbott admit only that Plaintiffs often drove trucks with the AMD logo on them while doing work for AMD and deny the remaining allegations of Paragraph 81. A. Abbott lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 81.

82.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 82.

83.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 83.

84.     Defendants admit the allegations of Paragraph 84 of the Complaint.

85.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 85.

86.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 86.

87.     In response to Paragraph 87 of the Complaint, AMD and D. Abbott admit that Plaintiffs were not permitted to subcontract with others to perform or have Plaintiffs' employees, if any, perform the work that they were obligated to do for AMD, but deny the remaining allegations of Paragraph 87. A. Abbott lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 87.

88.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 88.

89.     AMD and D. Abbott deny the allegations of Paragraph 89 of the Complaint. A. Abbott lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 89.

90.     In response to Paragraph 90 of the Complaint, AMD and D. Abbott admit only that Thomas, Crowe, and Pintos "consistently" worked for or provided services on behalf of AMD during the relevant time period and that Thomas, Pintos, and Crowe frequently worked at least 40 hours per week, but deny the remaining allegations of Paragraph 90. A. Abbott lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 90 of the Complaint.

91.     Defendants admit the allegations of Paragraph 91 of the Complaint.

92.     In response to Paragraph 92 of the Complaint, AMD and D. Abbott admit only that the welding services provided by Plaintiffs were necessary to service AMD's customers, but deny the remaining allegations of Paragraph 92. A. Abbott lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 92.

93.     Defendants deny the allegations of Paragraph 93 of the Complaint.

94.     In response to Paragraph 94 of the Complaint, Defendants admit only that Plaintiffs were employees of AMD for a portion of the relevant time period and deny the remaining allegations of Paragraph 94.

95.     In response to Paragraph 95 of the Complaint, Defendants admit only that AMD was the employer of Thomas and Pintos throughout the relevant time period and was the employer of Crowe and Kirk for portions of the relevant time period and deny the remaining allegations of Paragraph 95.

### e. Additional Factual Allegations

### i. All Plaintiffs

96.     Defendants admit that, throughout the relevant time period, AMD had a weekly pay period that ran from the beginning of each Sunday to the end of each Saturday, but deny the remaining allegations of Paragraph 96 of the Complaint.

97.     Defendants deny the allegations of Paragraph 97 of the Complaint.

98.     Defendants deny the allegations of Paragraph 98 of the Complaint.

99.     In response to Paragraph 99 of the Complaint, AMD and D. Abbott admit that AMD classified Crowe and Kirk as independent contractors during portions of the relevant time period and paid those plaintiffs, during those times, "straight pay" for the hours worked, but deny the remaining allegations of Paragraph 99. A. Abbott denies the allegations of Paragraph 99.

100.    In response to Paragraph 100 of the Complaint, AMD and D. Abbott admit that AMD classified Plaintiffs as employees during their employment and compensated them for hours worked up to 40 hours in a workweek by paycheck, but deny the remaining allegations of Paragraph 100. A. Abbott denies the allegations of Paragraph 100.

101.    In response to Paragraph 101 of the Complaint, AMD and D. Abbott admit only that, during Plaintiffs' employment, AMD partially compensated Plaintiffs in cash, but deny the remaining allegations of Paragraph 101. A. Abbott denies the allegations of Paragraph 101.

102.    During Plaintiffs' employment, AMD compensated Plaintiffs at a rate of *at least* 1.25 times their regular hourly rates for time worked in excess

of 40 in a workweek; for that and other reasons, AMD and D. Abbott deny the remaining allegations of Paragraph 102 of the Complaint. A. Abbott denies the allegations of Paragraph 102.

103.   In response to Paragraph 103 of the Complaint, AMD and D. Abbott admit only that, during Plaintiffs' employment, AMD did not always pay Plaintiffs at a rate of 1.5 times their regular rates of pay for hours worked in excess of 40 in a workweek, but deny the remaining allegations of Paragraph 103. A. Abbott denies the allegations of Paragraph 103.

104.   Defendants deny the allegations of Paragraph 104 of the Complaint.

### ii. Matthew Crowe

105.   In response to Paragraph 105 of the Complaint, AMD and D. Abbott admit only that Crowe worked as a welder, either as an independent contractor or employee of AMD, during the time period stated in Paragraph 105 and deny the remaining allegations of Paragraph 105. A. Abbott lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 105.

106.   In response to Paragraph 106 of the Complaint, AMD and D. Abbott admit only that, during the relevant time period, Crowe performed services as a welder for AMD and deny the remaining allegations of Paragraph 106. A. Abbott denies the allegations of Paragraph 106.

107.   In response to Paragraph 107 of the Complaint, AMD and D. Abbott admit that AMD classified Crowe as an independent contractor during a portion of the relevant time period, but deny the remaining allegations of Paragraph 107. A. Abbott denies the allegations of Paragraph 107.

108.   In response to Paragraph 108 of the Complaint, AMD and D. Abbott admit that AMD compensated Crowe at his regularly hourly rate for all hours he worked for AMD, but deny the remaining allegations of Paragraph 108. A. Abbott denies the allegations of Paragraph 108.

109.   Defendants deny the allegations of Paragraph 109 of the Complaint. A. Abbott lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 109.

110.   In response to Paragraph 110 of the Complaint, AMD and D. Abbott admit only that, during the relevant time period, AMD compensated Crowe at a regular rate of $15.00 per hour, but deny the remaining allegations of Paragraph 110. A. Abbott denies the allegations of Paragraph 110.

111.   In response to Paragraph 111 of the Complaint, AMD and D. Abbott deny the allegations of Paragraph 111. By way of further response, AMD and D. Abbott state that from September 12, 2020, through July 8, 2021, AMD compensated Crowe at a regular rate of $16.00 per hour. A. Abbott denies the allegations of Paragraph 111.

112.    In response to Paragraph 112 of the Complaint, AMD and D.

Abbott admit only that, during the approximate date range provided in

Paragraph 112, AMD compensated Crowe at a regular rate of $17.00 per

hour, but deny the remaining allegations of Paragraph 112. A. Abbott denies

the allegations of Paragraph 112.

113.    In response to Paragraph 113 of the Complaint, AMD and D.

Abbott admit only that AMD reclassified Crowe as an employee, but deny the

remaining allegations of Paragraph 113. By way of further response, AMD

and D. Abbot state that Crowe was reclassified as an employee in March

2020. A. Abbott denies the allegations of Paragraph 113.

114.    In response to Paragraph 114 of the Complaint, AMD and D.

Abbott admit only that, between July 2021 and December 17, 2021, AMD

classified Crowe as an employee, but deny the remaining allegations of

Paragraph 114. By way of further response, AMD and D. Abbot state that

Crowe was reclassified as an employee in March 2020 and was continuously

classified as an employee until the end of his employment in December 2021.

A. Abbott denies the allegations of Paragraph 114.

115.    Defendants deny the allegations of Paragraph 115 of the

Complaint.

116.    In response to Paragraph 116 of the Complaint, AMD and D.

Abbott admit only that, during the time period stated, AMD compensated

Crowe by paycheck for all hours that he worked up to 40 hours in a workweek and deny the remaining allegations of Paragraph 116. By way of further response, AMD and D. Abbot state that AMD began so paying Crowe in March 2020 when he was classified as an employee of AMD. A. Abbott denies the allegations of Paragraph 116.

117.   In response to Paragraph 117 of the Complaint, AMD and D. Abbott admit only that, during the time period stated, AMD compensated Crowe in cash for the overtime hours that he worked and deny the remaining allegations of Paragraph 117. By way of further response, AMD and D. Abbot state that AMD began so paying Crowe in March 2020 when he was classified as an employee of AMD. A. Abbott denies the allegations of Paragraph 117.

118.   In response to Paragraph 118 of the Complaint, AMD and D. Abbott admit only that, during the time period stated, AMD compensated Crowe in cash for the overtime hours that he worked and deny the remaining allegations of Paragraph 118. By way of further response, AMD and D. Abbot state that AMD began so paying Crowe in March 2020 when he was classified as an employee of AMD. A. Abbott denies the allegations of Paragraph 118.

119.   In response to Paragraph 119 of the Complaint, AMD and D. Abbott admit only that, during the time period stated, AMD paid Crowe at least 1.25 times his regular hourly rate for the hours he worked in excess of 40 hours during each workweek and deny the remaining allegations of

Paragraph 119. By way of further response, AMD and D. Abbot state that AMD began so paying Crowe in March 2020 when he was classified as an employee of AMD. A. Abbott denies the allegations of Paragraph 119.

120.   In response to Paragraph 120 of the Complaint, AMD and D. Abbott admit only that, during the relevant time period, Crowe often worked 5 days per week and deny the remaining allegations of Paragraph 120. A. Abbott lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 120.

121.   In response to Paragraph 121 of the Complaint, AMD and D. Abbott admit only that, at times during the relevant time period, Crowe worked on Saturdays and deny the remaining allegations of Paragraph 121. A. Abbott lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 121.

122.   In response to Paragraph 122 of the Complaint, AMD and D. Abbott admit only that, during the relevant time period, Crowe often worked more than 40 hours a week and deny the remaining allegations of Paragraph 122. A. Abbott lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 122.

123.   In response to Paragraph 123 of the Complaint, AMD and D. Abbott admit only that AMD was aware of the hours that Crowe worked

throughout the relevant time period and deny the remaining allegations of Paragraph 123. A. Abbott denies the allegations of Paragraph 123.

124.   Defendants deny the allegations of Paragraph 124 of the Complaint.

125.   Defendants deny the allegations of Paragraph 125 of the Complaint.

126.   Defendants deny the allegations of Paragraph 126 of the Complaint.

127.   In response to Paragraph 127 of the Complaint, AMD and D. Abbott admit only that, during the relevant time period, Crowe often worked more than 40 hours a week and deny the remaining allegations of Paragraph 127. A. Abbott lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 127.

128.   In response to Paragraph 128 of the Complaint, Defendants admit that, during the relevant time period, they did not pay Crowe at 1.5 times his regular hourly rate for time worked in excess of 40 hours in a workweek, but deny that any defendant had any obligation to do so other than AMD and state further that AMD's obligation existed only during the term of Crowe's employment.

129.   Defendants deny the allegations of Paragraph 129 of the Complaint.

### iii. Jonathan Thomas

130.    Defendants admit the allegations of Paragraph 130 of the Complaint.

131.    Defendants admit the allegations of Paragraph 131 of the Complaint.

132.    In response to Paragraph 132 of the Complaint, AMD and D. Abbott admit only that, during the relevant time period, Thomas performed services as a welder for AMD and deny the remaining allegations of Paragraph 132. A. Abbott denies the allegations of Paragraph 132.

133.    AMD and D. Abbott deny the allegations of Paragraph 133 of the Complaint. By way of further response, AMD and D. Abbott state that from March 2019 through September 10, 2020, AMD compensated Thomas at a regular rate of $23.00 per hour. A. Abbott denies the allegations of Paragraph 133.

134.    AMD and D. Abbott deny the allegations of Paragraph 134 of the Complaint. By way of further response, AMD and D. Abbott state that from September 11, 2020, through June 10, 2021, AMD compensated Thomas at a regular rate of $24.00 per hour. A. Abbott denies the allegations of Paragraph 134.

135.    AMD and D. Abbott deny the allegations of Paragraph 135 of the Complaint. By way of further response, AMD and D. Abbott state that from

June 11, 2021, through September 24, 2021, AMD compensated Thomas at a regular rate of $25.50 per hour. A. Abbott denies the allegations of Paragraph 135.

136.   In response to Paragraph 136 of the Complaint, AMD and D. Abbott admit only that, during the time period identified, AMD paid Thomas by paycheck for all hours that he worked up to 40 hours during a workweek and deny the remaining allegations of Paragraph 136. A. Abbott denies the allegations of Paragraph 136.

137.   In response to Paragraph 137 of the Complaint, AMD and D. Abbott admit only that, during the time period identified, AMD paid Thomas in cash for the overtime hours that he worked and deny the remaining allegations of Paragraph 137. A. Abbott denies the allegations of Paragraph 137.

138.   In response to Paragraph 138 of the Complaint, AMD and D. Abbott admit only that, during the time period identified, AMD paid Thomas in cash for the overtime hours that he worked and deny the remaining allegations of Paragraph 138. A. Abbott denies the allegations of Paragraph 138.

139.   In response to Paragraph 139 of the Complaint, AMD and D. Abbott admit only that, during the time period stated, AMD paid Thomas at least 1.25 times his regular hourly rate for the hours he worked in excess of

40 hours during each workweek and deny the remaining allegations of Paragraph 139. A. Abbott denies the allegations of Paragraph 139.

140.   In response to Paragraph 140 of the Complaint, AMD and D. Abbott admit only that, during the relevant time period, Thomas often worked 6 days per week and deny the remaining allegations of Paragraph 140. A. Abbott lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 140.

141.   In response to Paragraph 141 of the Complaint, AMD and D. Abbott admit only that, at times during the relevant time period, Thomas worked on weekends and deny the remaining allegations of Paragraph 141. A. Abbott lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 141.

142.   In response to Paragraph 142 of the Complaint, AMD and D. Abbott admit only that, during the relevant time period, Thomas often worked more than 40 hours a week and deny the remaining allegations of Paragraph 142. A. Abbott lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 142.

143.   In response to Paragraph 143 of the Complaint, AMD and D. Abbott admit only that AMD was aware of the hours that Thomas worked throughout the relevant time period and deny the remaining allegations of Paragraph 143. A. Abbott denies the allegations of Paragraph 143.

144.   Defendants deny the allegations of Paragraph 144 of the Complaint.

145.   Defendants deny the allegations of Paragraph 145 of the Complaint.

146.   Defendants deny the allegations of Paragraph 146 of the Complaint.

147.   In response to Paragraph 147 of the Complaint, AMD and D. Abbott admit only that, during the relevant time period, Thomas often worked more than 40 hours a week and deny the remaining allegations of Paragraph 147. A. Abbott lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 147.

148.   In response to Paragraph 148 of the Complaint, Defendants admit that, during the relevant time period, they did not pay Thomas at 1.5 times his regular hourly rate for time worked in excess of 40 hours in a workweek, but deny that any defendant had any obligation to do so other than AMD.

149.   Defendants deny the allegations of Paragraph 149 of the Complaint.

### iv. Jesse Kirk

150.   In response to Paragraph 150 of the Complaint, AMD and D. Abbott admit only that Kirk worked as a welder, either as an independent

contractor or employee of AMD, during parts of the time period stated in Paragraph 150 and deny the remaining allegations of Paragraph 150. A. Abbott lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 150.

151.   In response to Paragraph 151 of the Complaint, AMD and D. Abbott admit only that, during portions of the relevant time period, i.e., those periods during which he was either employed by or engaged as an independent contractor of AMD, Kirk performed services as a welder for AMD and deny the remaining allegations of Paragraph 151. A. Abbott denies the allegations of Paragraph 151.

152.   In response to Paragraph 152 of the Complaint, AMD and D. Abbott admit only that, during times within the relevant time period, AMD classified Kirk as an independent contractor and deny the remaining allegations of Paragraph 152. A. Abbott denies the allegations of Paragraph 152.

153.   In response to Paragraph 153 of the Complaint, AMD and D. Abbott admit only that, during the time periods in which Kirk was classified by AMD as an independent contractor, AMD compensated him at his regularly hourly rate for all hours he worked for AMD, but deny the remaining allegations of Paragraph 153. A. Abbott denies the allegations of Paragraph 153.

154.   In response to Paragraph 154 of the Complaint, Defendants admit that, during the time period stated in Paragraph 154, they did not pay Kirk at 1.5 times his regular hourly rate for time worked in excess of 40 hours in a workweek, but deny that any defendant had any obligation to do so.

155.   In response to Paragraph 155 of the Complaint, AMD and D. Abbott admit only that, during the relevant time period, AMD compensated Kirk at a regular rate of $21.00 per hour, but deny the remaining allegations of Paragraph 155. A. Abbott denies the allegations of Paragraph 155.

156.   In response to Paragraph 156 of the Complaint, AMD and D. Abbott admit only that, on or about July 31, 2020, AMD classified Kirk as an employee, but deny the remaining allegations of Paragraph 156. A. Abbott denies the allegations of Paragraph 156.

157.   In response to Paragraph 157 of the Complaint, AMD and D. Abbott admit only that, between approximately July 31, 2020, and August 15, 2021, AMD classified Kirk as an employee during his period or periods of employment, but deny the remaining allegations of Paragraph 157. By way of further response, AMD and D. Abbott state that Kirk was neither engaged as an independent contractor nor employed by AMD during parts of the time period identified in Paragraph 157. A. Abbott denies the allegations of Paragraph 157.

158.   Defendants deny the allegations of Paragraph 158 of the Complaint.

159.   Defendants deny the allegations of Paragraph 159 of the Complaint. By way of further response, AMD and D. Abbott state that, during the time period stated, Kirk was compensated by AMD in the manner alleged in Paragraph 159 during the weeks that he was employed by AMD.

160.   Defendants deny the allegations of Paragraph 160 of the Complaint. By way of further response, AMD and D. Abbott state that, during the time period stated, Kirk was compensated by AMD in the manner alleged in Paragraph 160 during the weeks that he was employed by AMD.

161.   Defendants deny the allegations of Paragraph 161 of the Complaint. By way of further response, AMD and D. Abbott state that, during the time period stated, Kirk was compensated by AMD in the manner alleged in Paragraph 161 during the weeks that he was employed by AMD.

162.    In response to Paragraph 162 of the Complaint, AMD and D. Abbott admit only that, during Kirk's period or periods of employment within the time period stated, AMD paid Kirk at least 1.25 times his regular hourly rate for the hours he worked in excess of 40 hours during each workweek and deny the remaining allegations of Paragraph 162 of the Complaint. A. Abbott denies the allegations of Paragraph 162.

163.    In response to Paragraph 163 of the Complaint, AMD and D. Abbott admit only that, during the relevant time period, Kirk occasionally worked more than 5 days per week and deny the remaining allegations of Paragraph 163. A. Abbott lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 163.

164.    In response to Paragraph 164 of the Complaint, AMD and D. Abbott admit only that, at times during the relevant time period, Kirk occasionally worked on weekends and deny the remaining allegations of Paragraph 164. A. Abbott lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 164.

165.    In response to Paragraph 165 of the Complaint, AMD and D. Abbott admit only that, at times during the relevant time period, Kirk worked more than 40 hours a week and deny the remaining allegations of Paragraph 165. A. Abbott lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 165.

166.    In response to Paragraph 166 of the Complaint, AMD and D. Abbott admit only that AMD was aware of the hours that Kirk worked throughout the relevant time period and deny the remaining allegations of Paragraph 166. A. Abbott denies the allegations of Paragraph 166.

167.    Defendants deny the allegations of Paragraph 167 of the Complaint.

168.   Defendants deny the allegations of Paragraph 168 of the Complaint.

169.   Defendants deny the allegations of Paragraph 169 of the Complaint.

170.   In response to Paragraph 170 of the Complaint, AMD and D. Abbott admit only that, at times during the relevant time period, Kirk worked more than 40 hours a week and deny the remaining allegations of Paragraph 170. A. Abbott lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 170.

171.   In response to Paragraph 171 of the Complaint, Defendants admit that, during the relevant time period, they did not pay Kirk at 1.5 times his regular hourly rate for time worked in excess of 40 hours in a workweek, but deny that any defendant had any obligation to do so other than AMD and state further that AMD's obligation existed only during the term or terms of Kirk's employment.

172.   Defendants deny the allegations of Paragraph 172 of the Complaint.

### v. Gonzalo Werner Pintos

173.   Defendants admit the allegations of Paragraph 173 of the Complaint.

174.   In response to Paragraph 174 of the Complaint, AMD and D. Abbott admit only that, during the relevant time period, Pintos performed services as a welder for AMD and deny the remaining allegations of Paragraph 174. A. Abbott denies the allegations of Paragraph 174.

175.   AMD and D. Abbott deny the allegations of Paragraph 175. By way of further response, AMD and D. Abbott state that (a) from March 17, 2019, through March 21, 2019, AMD compensated Pintos at a regular rate of $17.50 per hour, (b) from March 22, 2019, through June 27, 2019, AMD compensated Pintos at a regular rate of $19.00 per hour, (c) from June 28, 2019, through March 12, 2020, AMD compensated Pintos at a regular rate of $20.00 per hour, (d) from March 13, 2020, through September 10, 2020, AMD compensated Pintos at a regular rate of $21.00 per hour, and (e) from September 11, 2020, through April 29, 2021, AMD compensated Pintos at a regular rate of $22.00 per hour. A. Abbott denies the allegations of Paragraph 175.

176.   AMD and D. Abbott deny the allegations of Paragraph 176. By way of further response, AMD and D. Abbott state that from April 30, 2021, through July 6, 2021, AMD compensated Pintos at a regular rate of $23.00 per hour. A. Abbott denies the allegations of Paragraph 176.

177.   In response to Paragraph 177, AMD and D. Abbott admit only that, within the approximate time period identified, AMD classified Pintos as

an employee and deny the remaining allegations of Paragraph 177. A. Abbott denies the allegations of Paragraph 177.

178.   In response to Paragraph 178 of the Complaint, AMD and D. Abbott admit only that, during the time period identified, AMD paid Pintos by paycheck for all hours that he worked up to 40 hours during a workweek and deny the remaining allegations of Paragraph 178. A. Abbott denies the allegations of Paragraph 178.

179.   In response to Paragraph 179 of the Complaint, AMD and D. Abbott admit only that, during the time period identified, AMD paid Pintos in cash for the overtime hours that he worked and deny the remaining allegations of Paragraph 179. A. Abbott denies the allegations of Paragraph 179.

180.   In response to Paragraph 180 of the Complaint, AMD and D. Abbott admit only that, during the time period identified, AMD paid Pintos in cash for the overtime hours that he worked and deny the remaining allegations of Paragraph 180. A. Abbott denies the allegations of Paragraph 180.

181.   In response to Paragraph 181 of the Complaint, AMD and D. Abbott admit only that, during the time period stated, AMD paid Pintos at least 1.25 times his regular hourly rate for the hours he worked in excess of

40 hours during each workweek and deny the remaining allegations of Paragraph 181. A. Abbott denies the allegations of Paragraph 181.

182.   In response to Paragraph 182 of the Complaint, AMD and D. Abbott admit only that, during the relevant time period, Pintos often worked 5-6 days per week and deny the remaining allegations of Paragraph 182. A. Abbott lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 182.

183.   In response to Paragraph 183 of the Complaint, AMD and D. Abbott admit only that, at times during the relevant time period, Pintos often worked on Saturdays and deny the remaining allegations of Paragraph 183. A. Abbott lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 183.

184.   In response to Paragraph 184 of the Complaint, AMD and D. Abbott admit only that, during the relevant time period, Pintos often worked more than 40 hours a week and deny the remaining allegations of Paragraph 184. A. Abbott lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 184.

185.   In response to Paragraph 185 of the Complaint, AMD and D. Abbott admit only that AMD was aware of the hours that Pintos worked throughout the relevant time period and deny the remaining allegations of Paragraph 185. A. Abbott denies the allegations of Paragraph 185.

186.   Defendants deny the allegations of Paragraph 186 of the Complaint.

187.   Defendants deny the allegations of Paragraph 187 of the Complaint.

188.   Defendants deny the allegations of Paragraph 188 of the Complaint.

189.   In response to Paragraph 189 of the Complaint, AMD and D. Abbott admit only that, during the relevant time period, Pintos often worked more than 40 hours a week and deny the remaining allegations of Paragraph 189. A. Abbott lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 189.

190.   In response to Paragraph 190 of the Complaint, Defendants admit that, during the relevant time period, they did not pay Pintos at 1.5 times his regular hourly rate for time worked in excess of 40 hours in a workweek, but deny that any defendant had any obligation to do so other than AMD.

191.   Defendants deny the allegations of Paragraph 191 of the Complaint.

### III. Claims for Relief

### Count I-Failure to Pay Overtime

192.   Paragraph 192 of the Complaint does not require a response from Defendants.

193.   Defendants deny the allegations of Paragraph 193 of the Complaint.

194.   Defendants deny the allegations of Paragraph 194 of the Complaint.

195.   In response to Paragraph 195 of the Complaint, Defendants admit that they did not pay Plaintiffs at 1.5 times their regular hourly rate for time worked in excess of 40 hours per week at all times during the relevant time period, but deny that any defendant had any obligation to do so other than AMD and state further that AMD's obligation existed only during the terms of Plaintiffs' employment.

196.   Defendants deny the allegations of Paragraph 196 of the Complaint.

197.   Defendants deny the allegations of Paragraph 197 of the Complaint.

198.   Defendants deny the allegations of Paragraph 198 of the Complaint.

199.   Defendants deny the allegations of Paragraph 199 of the Complaint.

AMD denies that Plaintiffs are entitled to all of the relief sought in the paragraph of the Complaint that begins with "WHEREFORE."

Respectfully submitted, this 6th day of May, 2022.

JOHNSON MARLOWE LLP

/s/ Dustin Marlowe

335B Oconee Street                    Dustin Marlowe
Athens, Georgia 30601                 Georgia Bar No. 773538
(706) 425-8740
dustin@johnsonmarlowe.com             Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| MATTHEW CROWE, JONATHAN THOMAS, JESSE KIRK, AND GONZALO WERNER PINTOS,<br><br>        *Plaintiffs,*<br><br>v.<br><br>AMD WELDING SERVICES, LLC, DEREK ABBOTT, AND AMBER ABBOTT,<br><br>        *Defendants.* | CIVIL ACTION FILE NO. 2:22-CV-00057-SCJ |

## CERTIFICATE OF SERVICE

I certify that I have, this day, electronically filed the foregoing Defendants' Answer to Plaintiffs' Complaint with the Clerk of Court using the CM/ECF system. The CM/ECF system will automatically send email notification of the filing to all attorneys of record: Kevin D. Fitzpatrick, Jr. and Charles Bridgers.

Dated: May 6, 2022.

JOHNSON MARLOWE LLP

*/s/* Dustin Marlowe

Dustin Marlowe
Georgia Bar No. 773538

335B Oconee Street
Athens, Georgia 30601
(706) 425-8740
dustin@johnsonmarlowe.com

Attorneys for Defendants

39